NO.
12-07-00068-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 

THE STATE OF TEXAS FOR
THE

BEST INTEREST AND
PROTECTION    §          COUNTY COURT AT LAW OF

OF J.R.

§          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            J.R. appeals
from an order of commitment for temporary inpatient mental health
treatment.  After a hearing without a
jury, the trial court ordered J.R. committed to Rusk State Hospital for a
period not to exceed ninety days.  In a
single issue, J.R. asserts that the evidence is legally and factually
insufficient to support the order of commitment.  We reverse and render.

 

Background








            On
January 23, 2007, an application for court ordered temporary mental health
services was filed requesting the court commit J.R. to Rusk State Hospital for
a period not to exceed ninety days.  The
application was supported by certificates of medical examination for mental
illness, prepared by Dr. Larry Hawkins, who had examined J.R. on January 22,
and Dr. G. Paul Kula, who examined J.R. on January 25.  Both doctors diagnosed J.R. as suffering from
schizophrenia, paranoid type.  Both
doctors found that J.R. is mentally ill, likely to cause serious harm to
himself, and is suffering severe and abnormal mental, emotional, or physical
distress, is experiencing substantial mental or physical deterioration of his
ability to function independently, and is unable to make a rational and
informed decision as to whether to submit to treatment.  Both doctors also found that J.R. presents a
substantial risk of serious harm to himself or others if not immediately
restrained, which is demonstrated by his behavior.  The trial court sustained J.R.’s objection to
the portions of the two physician’s certificates describing J.R.’s
prehospitalization behavior that served as the basis for both doctors’
opinions.

            Dr.
Charles Plyler testified at the trial, stating his diagnosis that J.R. is
suffering from paranoid schizophrenia. 
He explained that J.R. is a danger to himself “in the sense that he is
incompetent to see to his own safety.” 
Dr. Plyler testified that J.R. is experiencing substantial mental,
emotional, or physical deterioration that affects his ability to function
independently in society.  He explained
that J.R. has not required any special services in the hospital, such as
restraint or medication, and is cooperative. 
However, J.R. is unable to communicate with others at all.  He is unable to go to the store and buy food
and is unable to provide for his basic needs. 
Dr. Plyler testified that J.R.’s diagnosis is not “real bright.”  The doctor stated that Rusk State Hospital is
the least restrictive treatment option at this time and J.R. will gain maximum
benefit within a month at the hospital.  


            On
cross examination, Dr. Plyler testified that J.R. has committed no overt act in
an attempt to harm himself or others.  He
does not require assistance in feeding or dressing himself.  It is necessary to remind J.R. to bathe and
take care of his personal hygiene.  Dr.
Plyler explained that he is not sure J.R. knows the inherent dangers of
remaining outside in freezing rain because J.R. is insensitive to issues of
danger to himself.  The doctor testified
that J.R. could possibly survive safely in freedom and he could survive in a
less restrictive environment.  He stated
that J.R. consented to take medication while in the hospital.

            The
court found J.R. mentally ill and that, as a result of mental illness, he is
likely to cause serious harm to himself. 
In accordance with those findings, the trial court entered an order
requiring J.R. to submit to temporary inpatient mental health services for a
period not to exceed ninety days.

 

Commitment
Order

            In
his sole issue, J.R. asserts the evidence is neither legally nor factually
sufficient to support the order of commitment. 
He contends that the evidence does not show an overt act or continuing
pattern of behavior tending to confirm that he is likely to harm himself.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, the reviewing court must consider all of the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been
incredible.  Id. 

Applicable Law 

            The
trial judge may order a proposed patient to receive court ordered temporary
inpatient mental health services if the judge or jury finds, from clear and
convincing evidence, that the proposed patient is mentally ill and, as a result
of the mental illness he is likely to cause serious harm to himself, is likely
to cause serious harm to others, or is (i) suffering severe and abnormal
mental, emotional, or physical distress, (ii) experiencing substantial mental
or physical deterioration of his  ability
to function independently, which is exhibited by his inability, except for
reasons of indigence, to provide for his basic needs, including food, clothing,
health, or safety, and (iii) unable to make a rational and informed decision as
to whether or not to submit to treatment. 
Tex. Health & Safety Code
Ann. § 574.034(a) (Vernon 2003). 
To be clear and convincing under the statute, the evidence must include
expert testimony and, unless waived, evidence of a recent overt act or a
continuing pattern of behavior that tends to confirm either the likelihood of
serious harm to the proposed patient or others, or the proposed patient’s
distress and the deterioration of his ability to function.  Tex.
Health & Safety Code Ann. § 574.034(d) (Vernon 2003).

Discussion

            The
State provided expert testimony stating that J.R. is mentally ill.  Dr. Plyler testified that J.R. cannot see to
his own safety, communicate with others, or provide for his basic needs.  However, he specifically stated that J.R. has
committed no overt act of harm to himself and the record does not contain
evidence of a continuing pattern of behavior tending to confirm the likelihood
of serious harm to himself.  To satisfy
the statute, the expert opinion must be supported by a factual basis.  See K.T. v. State, 68 S.W.3d
887, 893-94 (Tex. App.–Houston [1st Dist.] 2002, no pet.). 

            We
conclude there is no evidence of an overt act or continuing pattern of behavior
that tends to confirm that J.R. is likely to cause serious harm to
himself.  The evidence presented does not
satisfy the statutory requirement for clear and convincing evidence in support
of the order for temporary inpatient mental health services.  See Tex.
Health & Safety Code Ann. § 574.034(d).  The evidence is legally insufficient to
support the trial court’s order.  See In
re J.F.C., 96 S.W.3d at 266.  We
sustain J.R.’s first issue to the extent he complains of the legal sufficiency
of the evidence.  We need not reach his
factual sufficiency complaint.  See Tex. R. App. P. 47.1. 

 

Conclusion

            The
evidence is legally insufficient to support the trial court’s order of commitment
for temporary inpatient mental health services. 
Therefore, we reverse the trial court’s order of
commitment for temporary inpatient mental health services.  We render judgment denying the
State’s application for court ordered temporary mental health services.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered May 29, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)